UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| WARNETHER A. MUHAMMAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-2172 |
| ) | |
| CATERPILLAR, INC., ) | |
| ) | |
| Defendant. ) | |

**OPINION**

This case is before the court for ruling on Defendant's Bill of Costs (#51) and Plaintiff's Objection (#54). Defendant is presumed to be entitled to recover his costs because Defendant prevailed on summary judgment in this case. See Fed. R. Civ. P. 54(d)(1). The Defendant is entitled to recover the reasonable and necessary costs specified in 28 U.S.C. § 1920, which are as follows:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920. Reporter attendance fees are recoverable as part of the cost of securing transcripts of depositions. Fitchum v. Ford Motor Co., 57 F.3d 526, 534 (7th Cir. 1995). This court must, in its discretion, determine the appropriate amount of costs to be taxed. Majeske v. City of Chicago, 218 F.3d 816, 824 (7th Cir. 2000).

Defendant seeks costs in the sum of $1,880.86. This court has carefully reviewed these expenses and determines, with the exception of the computerized research costs of $566.56, that they are all reasonable and necessary costs allowed under 28 U.S.C. § 1920. Although

Defendant cites Little v. Mitsubishi Motors, Inc., 514 F.3d 699 (7th Cir. 2008) for the position that § 1920 allows for the recovery of computerized research costs, the Seventh Circuit in that case concluded that they were recoverable without comment. In contrast, the Seventh Circuit, when discussing the issue in greater depth in another case, concluded that computer research costs should be considered attorney's fees and should not be recoverable as costs under § 1920. See Haroco, Inc. v. American Nat'l Bank & Trust Co. of Chicago, 38 F.3d 1429, 1440-41 (7th Cir. 1994); see also Rogers v. Baxter Intern. Inc., 2011 WL 941188, at *5 (N.D. Ill. 2011) (discussing the contradictory Seventh Circuit cases and explaining its conclusion to follow Haroco).

Plaintiff does not object to any specific cost, but rather, simply requests that this court defer ruling on the Defendant's Bill of Costs until the action has been resolved on appeal. Costs are appealable separately from the merits of a case, and a district court may award costs even when the substantive appeal is pending. Lorenz v. Valley Forge Ins. Co., 23 F.3d 1259, 1260 (7th Cir. 1994). In this case, this court finds that the stronger weight of authority counsels against postponing awarding costs until after the appeal is decided and instead supports an expeditious ruling on costs. See, e.g., Barton v. Zimmer, Inc., 2010 WL 2541707, at *1 (N.D. Ind. 2010).

THEREFORE, Defendant's Bill of Costs [51] is ALLOWED in part and DENIED in part and Plaintiff's Objection [54] is OVERRULED. This court awards the Defendant $1,324.30 in costs. The Clerk is directed to enter an amended judgment.

ENTERED this 23rd day of May, 2012

s/ Michael P. McCuskey
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE